UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BGH HOLDINGS, LLC et al., <br><br> Plaintiffs, <br><br> v. <br><br> DL EVANS BANK, <br><br> Defendant. | Case No. 2:18-CV-1408-RSL <br><br> ORDER ON PLAINTIFFS' MOTION TO STRIKE PLEADING, PLAINTIFFS' MOTION TO DISMISS ADDED PARTIES FOR FAILURE TO SERVE, AND DEFENDANT'S MOTION FOR RELIEF FROM DEADLINE FOR JOINING ADDITIONAL PARTIES |

This matter comes before the Court on plaintiffs' "Motion to Strike Pleading," Dkt. #20, plaintiffs' "Motion to Dismiss Added Parties for Failure to Serve," Dkt. #27, and defendant's "Motion for Relief from Deadline for Joining Additional Parties." Dkt. #30.

## BACKGROUND

On September 25, 2018, plaintiffs BGH Holdings, LLC ("BGH"), Ginger Atherton and Henry Dean filed a First Amended Complaint against DL Evans Bank ("the Bank"). Dkt. #4 (Compl.). According to the complaint, in September 2017, the Bank registered a default judgment dated January 12, 2010 in the King County Superior Court that it had "knowingly obtained against plaintiff Dean in Idaho without due process of law." Id. at ¶ 2.4. The Superior Court entered a charging order requiring BGH to pay to the Bank any monies to which Dean

ORDER ON PLAINTIFFS' MOTION TO STRIKE PLEADING, PLAINTIFFS'
MOTION TO DISMISS ADDED PARTIES FOR FAILURE TO SERVE, AND
DEFENDANT'S MOTION FOR RELIEF FROM DEADLINE - 1

was entitled through his member owner interests in BGH. Id. at ¶ 2.5. In August 2018, the Bank also caused the Superior Court to issue a writ of execution directing the King County Sheriff to enter the residence of plaintiffs Dean and Atherton and seize their personal property. Id. at ¶ 2.6. Plaintiffs bring claims for violations of their Fourth Amendment and Fourteenth Amendment rights under 42 U.S.C. § 1983, id. at ¶¶ 4.1–5.15, for conversion, id. at ¶¶ 6.1–6.2, for unjust enrichment, id. at ¶¶ 7.1–7.2, and for declaratory and injunctive relief regarding the right of execution under the Idaho Default Judgment. Id. at ¶¶ 8.1–8.2.

The Bank filed its Answer, Affirmative Defenses and Counterclaims ("Answer") on October 29, 2018. Dkt. #15. The Bank argues that it obtained a judgment against Dean in 2010 in the amount of $1,063,503.16, arising out of a failed real estate development. Id. at 1. Dean has been evading the Bank's attempts to collect on the Idaho Default Judgment and has transferred equities to BGH and Atherton in an attempt to further hinder, delay and defraud the Bank. Id. In its Counterclaims, the Bank requested declaratory judgment regarding the validity of the Idaho Default Judgment and its enforceability in Washington. Id. at 11–15. On November 21, 2018, the Court issued a Minute Order setting a deadline of December 19, 2018 for the joinder of parties. Dkt. #17.

On December 27, 2018, the Bank filed its Amended Answer, Affirmative Defenses and Counterclaims ("Amended Answer"). Dkt. #18 (Countercl.). This added claims against WN3, LLC ("WN3"), Jim Dean ("Jim"), Frank Dean ("Frank"), and Does 1–5.[1] Id. at 11. WN3, on information and belief, is owned and managed by Atherton and was dissolved on July 1, 2016. Id. Jim and Frank are individuals residing or believed to be residing in Washington. Does 1–5 are "other persons, corporate or limited liability entities, trusts or other persons or entities to

---

[1] The Bank's Amended Counterclaims initially cast these as "Third Party Claims." Countercl. at 11. The Bank later clarified that WN3, Frank, Jim and Does 1–5 were not "third parties" within the meaning of Federal Rule of Civil Procedure 14. The Bank is "not alleging that they share in any liability on claims asserted against the Bank." Dkt. #23 at 5. Rather, they are additional counterclaim parties under Federal Rules of Civil Procedure 19 or 20. Dkt. #23 at 4, 5.

ORDER ON PLAINTIFFS' MOTION TO STRIKE PLEADING, PLAINTIFFS'
MOTION TO DISMISS ADDED PARTIES FOR FAILURE TO SERVE, AND
DEFENDANT'S MOTION FOR RELIEF FROM DEADLINE - 2

whom [plaintiff] Dean or the other Defendants have made intermediate or final fraudulent transfers." Id. at 11–12. The Bank brought six new claims under Washington's Uniform Voidable Transactions Act ("UVTA") against BGH, Atherton, WN3, Jim, Frank, and Does 1–5, and a request for an injunction to prevent further fraudulent transfers. Countercl. at ¶¶ 53–82.

Plaintiffs filed a motion to strike the Bank's Amended Answer on February 14, 2019, arguing that the Bank had violated Federal Rules of Civil Procedure 14(a)(1) and 15(a) and had purported to add new parties after the deadline for doing so had expired. Dkt. #20. While this motion was pending, on May 16, 2019, plaintiffs filed a "Motion to Dismiss Added Parties for Failure to Serve." Dkt. #27. Plaintiffs argued that the Bank had failed to serve the additional parties or file a Praecipe to Issue Summons. Id. at 1. The Bank accordingly filed a "Motion for Relief from Deadline for Joining Additional Parties" on May 23, 2019. Dkt. #30. It requests relief from the deadline for joining additional parties and seeks leave to serve the additional parties. Id. at 2. As all three motions concern the proposed additional parties, the Court deals with them in a single order.

## DISCUSSION

### A. Legal Standard

"The district court is given broad discretion in supervising the pretrial phase of litigation." Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)). Other than an amendment as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).[2] However, a case scheduling order may be modified "only

---

[2] Plaintiffs contended in their motion to strike that the Bank's Amended Answer should be struck because it was filed on December 27, 2018, more than 21 days after the original Answer was filed on October 29, 2018, without obtaining their written consent or the leave of the Court. Dkt. #20 at 3–4; see Fed. R. Civ. P. 15(a)(1)(A), (2). However, plaintiffs were required to file a responsive pleading to the Bank's Answer. See Fed. R. Civ. P. 12(a)(1)(B) ("A party must serve an answer to a counterclaim or

ORDER ON PLAINTIFFS' MOTION TO STRIKE PLEADING, PLAINTIFFS'
MOTION TO DISMISS ADDED PARTIES FOR FAILURE TO SERVE, AND
DEFENDANT'S MOTION FOR RELIEF FROM DEADLINE - 3

for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). For the purposes of Rule 16, "good cause" means that "the scheduling deadlines cannot be met despite the party's diligence." Paz v. City of Aberdeen, No. C13-5104 RJB, 2013 WL 6163016, at *2 (W.D. Wash. Nov. 25, 2013) (citing Johnson, 975 F.2d at 609). "If the party seeking the modification was not diligent, the inquiry should end." Id. (citing Millenkamp v. Davisco Foods Intern., Inc., 448 Fed. Appx. 720, 721 (9th Cir. 2011)).

"A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19.

If a defendant is not served within 90 days after a complaint is filed, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "District courts have broad discretion to extend time for service under Rule 4(m)." Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007). "In making extension decisions under Rule 4(m) a district court may consider

---

crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim."); Fed. R. Civ. P. 4(a)(3). They did not do so. The Bank was therefore entitled to amend its pleading once as a matter of course. Fed. R. Civ. P. 15(1)(B) ("A party may amend its pleading once as a matter of course within … if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."); see Dkt. #23 at 2–3. Plaintiffs do not appear to contest this in their subsequent filings. They only object to the addition of new parties after the Court's scheduled deadline. See generally Dkt. #25.

ORDER ON PLAINTIFFS' MOTION TO STRIKE PLEADING, PLAINTIFFS'
MOTION TO DISMISS ADDED PARTIES FOR FAILURE TO SERVE, AND
DEFENDANT'S MOTION FOR RELIEF FROM DEADLINE - 4

factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." Id. (internal citation and quotation marks omitted).

   B. Addition of New Parties

The Bank alleges in its counterclaims that Dean made several fraudulent transfers. He acquired stock and stock options in Hytech Power, Inc. ("Hytech") during his employment with the company for the past four years. Countercl. at ¶¶ 18–19. He transferred approximately 50,000 options in Hytech stock to Frank and Jim for no consideration. Id. at ¶ 20. He formed BGH on or about February 5, 2015. He transferred approximately 1.2–1.25 million shares of Hytech stock to BGH for less than their reasonably equivalent value. Id. at ¶¶ 22–23. Finally, he transferred at least 30,000 options in Hytech to BGH in the name of WN3 for less than their reasonably equivalent value. Id. at ¶ 24.

The Bank states that these are voidable as fraudulent transfers under the UVTA, see RCW 19.40.041; RCW 19.40.051. Id. at ¶¶ 55, 57, 65, 67, 70, 72. It argues that "[c]omplete relief is accorded only if the Bank can sue both the transferor and the transferee of these fraudulent transfers." Dkt. #23 at 4–5. Frank, Jim and WN3 are therefore necessary parties under Rule 19. The Court agrees.[3] In re Schneider, 99 B.R. 52, 55–56 (Bank. W.D. Wash. 1989); see Johnston v. Irontown Hous. Co., No. 13-CV-0523 W BLM, 2014 WL 1600318, at *3 (S.D. Cal. Apr. 18, 2014) ("The transferee of a fraudulent transfer is a necessary party defendant in an action to set aside the fraudulent transfer … Because transferees claim an interest in the assets at issue in the proposed fraudulent transfer claims, full and fair relief cannot be accorded in litigating these claims without the proposed … Defendants.") (internal quotation marks and

---

   [3] Plaintiffs belatedly and vaguely state in their reply in support of their "Motion to Dismiss Added Parties for Failure to Serve" that there is no subject matter jurisdiction over the Bank's state law fraudulent transfer claims because there is no diversity jurisdiction. Dkt. #64 at 6. Their arguments pertain to Mark Calvert and Karma Power, LLC. The Bank does not seek to add either of them to the action. It seeks to add WN3, Jim, Frank, all of whom are Washington residents. Countercl. at ¶¶ 3–4; see 28 U.S.C. 1332. Any issues that plaintiffs have with the Bank's corporate disclosure are not relevant to these motions.

ORDER ON PLAINTIFFS' MOTION TO STRIKE PLEADING, PLAINTIFFS'
MOTION TO DISMISS ADDED PARTIES FOR FAILURE TO SERVE, AND
DEFENDANT'S MOTION FOR RELIEF FROM DEADLINE - 5

alterations omitted).[4] Plaintiffs are correct in that the Bank filed the Amended Answer nine days after the deadline for joinder.[5] Dkt. #23 at 6. It does not provide an explanation for its failure to adhere to the scheduling order. Id. at 4. However, the Court has "broad discretion in supervising the pretrial phase of litigation." Zivkovic, 302 F.3d at 1087. Given the short delay, the Court will allow the Bank to add the new parties. See Cynthia Smith v. City of Los Angeles, No. CV176285FMORAOX, 2018 WL 6038320, at *1 (C.D. Cal. Feb. 1, 2018).[6]

### C. Deadline for Effecting Service

The Bank states that it did not serve the additional parties within 90 days of filing the Amended Answer because of Dean's failure to respond to discovery requests that would have

---

[4] Even plaintiffs acknowledge in their "Motion to Dismiss Added Parties for Failure to Serve" that WN3, Jim and Frank are necessary parties. Dkt. #27 at 5.

[5] The Bank also argues in return that plaintiffs' motion to strike was untimely. Dkt. #23 at 1–2. It was filed on February 14, 2019, 49 days after the Amended Answer was filed. See Fed. R. Civ. P. 12(f) ("The Court may act … on a motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."). Plaintiffs never did respond to the Answer. They claim that their motion is not a Rule 12(f) motion, but do not clarify under what provision it is brought. Dkt. #25 at 1–2. Regardless, the Court has considered plaintiffs' motion on the merits.

[6] The Bank moved for relief from the deadline for joining additional parties pursuant to Rule 16, as the Court had issued a case scheduling order. See Dkt. #30. In their opposition, plaintiffs framed their analysis in terms of Rule 6, which states that the Court may, "for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b); see Dkt. #42. This does not alter the Court's conclusion. On a request for an extension, the Court must consider "the danger of prejudice to the other party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Comm. for Idaho's High Desert, Inc. v. Yost, 92 F.3d 814, 825 (9th Cir. 1996) (internal citation, quotation marks, and alterations omitted). The Bank filed its Amended Answer only nine days late. It states that this is because it was "still assessing plaintiffs' claims and its possible defenses and investigating the facts surrounding Dean's ongoing efforts to evade his judgment creditor." Dkt. #47 at 4. At the time, the addition of the new parties would have had no impact on the case schedule. Plaintiffs' claim that the addition of the parties would itself prejudice them is irrelevant. See Dkt. #42 at 7. What matters is whether plaintiffs were prejudiced by the untimeliness of the amendment. In re Zilog, Inc., 450 F.3d 996, 1006–07 (9th Cir. 2006). There is no evidence that the Bank acted in bad faith. The Bank is entitled to relief from the deadline. Fed. R. Civ. P. 6(b).

ORDER ON PLAINTIFFS' MOTION TO STRIKE PLEADING, PLAINTIFFS' MOTION TO DISMISS ADDED PARTIES FOR FAILURE TO SERVE, AND DEFENDANT'S MOTION FOR RELIEF FROM DEADLINE - 6

provided necessary contact information for the additional parties and the pendency of plaintiffs' motion to strike. Dkt. #55 at 1–2. The Court finds that the Bank has shown good cause for its failure to serve, because it was deferring service until the resolution of plaintiffs' motion to strike. Id. at 5; see Fed. R. Civ. P. 4(m). The Court therefore need not reach the parties' contentions regarding the sufficiency and timing of the Bank's discovery requests. See Dkt. #55 at 2–5; Dkt. #42 at 8–9; Dkt. #64 at 2–6. The existing and new parties will not be significantly prejudiced by any consequent changes to the case schedule, because both plaintiffs and the Bank have already requested amendments to it themselves. See Dkt. #61; see Dkt. #45. Furthermore, the Bank "believes that some of the transfers to the additional parties may have occurred in early 2015, and there is a four-year statute of limitations on the Bank's fraudulent transfer claims." Dkt. #55 at 5. The Court may exercise its discretion to grant an extension for service of process where the applicable statute of limitations would bar the re-filed action. Mann v. Am. Airlines, 324 F.3d 1088, 1090–91 (9th Cir. 2003).

## **CONCLUSION**

For all the foregoing reasons, plaintiffs' motion to strike pleading, Dkt. #20, is DENIED. Plaintiffs' motion to dismiss added parties for failure to serve, Dkt. #27, is DENIED. The Bank's motion for relief from deadline, Dkt. #30, is GRANTED. The Court hereby ORDERS that the Bank has 45 days from the date of this order to serve the additional defendants.

DATED this 14th day of June, 2019.

Robert S. Lasnik
United States District Judge

ORDER ON PLAINTIFFS' MOTION TO STRIKE PLEADING, PLAINTIFFS'
MOTION TO DISMISS ADDED PARTIES FOR FAILURE TO SERVE, AND
DEFENDANT'S MOTION FOR RELIEF FROM DEADLINE - 7