1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BGH HOLDINGS, LLC et al.,

           Plaintiffs,

        v.

DL EVANS BANK,

           Defendant.

Case No. 2:18-CV-1408-RSL

ORDER ON PLAINTIFFS'
MOTION FOR PROTECTIVE
ORDER AND
DEFENDANT'S MOTION
TO COMPEL

This matter comes before the Court on the "Motion to Compel" filed by defendant DL

Evans Bank ("the Bank"), <u>see</u> Dkt. #28, and the "Motion for Protective Order" filed by plaintiffs

BGH Holdings, LLC ("BGH"), Ginger Atherton, Henry Dean, and their marital community.

Dkt. #35.

## **BACKGROUND**

This case concerns a judgment ("Idaho Judgment") obtained by the Bank against plaintiff

Dean for over $1 million out of a failed Sun Valley real estate development. Dkt. #28-1 (Farren

Decl.) at ¶ 4. The Bank obtained the judgment in Idaho and domesticated it in Washington. It

then obtained a writ of execution against Dean in 2018. <u>Id.</u> Plaintiffs brought their action on

September 24, 2018, asserting that the right of execution had expired on the Idaho Judgment and

that the Bank had improperly seized their property. Dkt. #1. An Amended Complaint was filed

the next day. Dkt. #4. The Bank asserted counterclaims for declaratory judgment regarding the

enforceability of the Idaho Judgement. Dkt. #14. In its Amended Answer, Affirmative Defenses

and Counterclaims, the Bank added counterclaims against BGH and Atherton as well as new parties WN3 LLC ("WN3"), Jim Dean ("Jim"), Frank Dean ("Frank") and Does 1–5, asserting that Dean had made fraudulent transfers to all of them. Dkt. #18 (Countercl.) at ¶¶ 18–24. By an order dated June 14, 2019, the Court denied plaintiffs' motion to strike the Bank's amended counterclaims, denied plaintiffs' motion to dismiss the added parties, and granted the Bank's request for an extension to serve the new additional defendants. Dkt. #71. Counsel have entered appearances for Frank, Jim and WN3. See Dkts. #82–85.

On January 28, 2019, the Bank served discovery requests. Farren Decl. at ¶ 5; see Ex. 1, Dkt. #28-1 at 6–22. On March 5, 2019, plaintiff's counsel sent an email to defense counsel objecting to the discovery requests and requesting a standstill agreement. Farren Decl. at ¶ 6; see Ex. 2, Dkt. #28-1 at 24. In April 2019, the Bank issued Notices of Intent to Serve Subpoenas Duces Tecum on JP Morgan Chase Bank ("JP Morgan"), see Ex. A, Dkt. #36-1, and HyTech Power, Inc. ("HTP"), see Ex. B, Dkt. #36-2. Dkt. #36 (Cadranell Decl.) at ¶¶ 2–3. Counsel met and conferred on May 6, 2019 in an attempt to resolve all outstanding discovery disputes. Id. at ¶ 4; Farren Decl. at ¶ 10. The Bank filed its motion to compel on May 16, 2019. Dkt. #28. Plaintiffs filed their motion for a protective order on May 23, 2019. Dkt. #35.

Plaintiffs state that they do not object to discovery requests pertaining to alleged transfers from Dean to Atherton and BGH. Dkt. #35 at 5. They do object to requests relating to additional defendants Jim, Frank, and WN3. Id. at 5–6. They also argue that some of the Bank's Interrogatories and Requests for Production ("RFP") are irrelevant, and that the subpoenas duces tecum issued to JP Morgan and HTP should be quashed. Id. at 7. Finally, they argue that the discovery produced by plaintiffs in response to the Bank's requests should be revealed only to the Bank and its lawyers. Id. at 9. Dean claims that an individual with whom he used to work at HTP, Mark Calvert, formed a company called Karma Power, LLC that purchased the Idaho Judgment at issue in this case in 2017. Ex. A, Dkt. #49-1 at 2. According to Dean, Calvert was unhappy with an arbitration decision in which he lost a claim for shares and options in HTP and has since been attempting to direct litigation against Dean, HTP, and HTP's other shareholders.

ORDER ON PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
AND DEFENDANT'S MOTION TO COMPEL - 2

Dkt. #41 (Dean Decl.) at ¶¶ 2–8; <u>see</u> Ex. A, Dkt. #41-1; <u>see</u> Ex. B, Dkt. #41-2. Dean states that he has not produced his own financial documents, or those of Atherton or BGH, because he did not want them to be shared with Calvert. He claims that he will turn them over after the parties have entered a protective order. Dean Decl. at ¶¶ 10–12.

<b><u>DISCUSSION</u></b>

### A. Protective Order

The Court may issue a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense". Fed. R. Civ. P. 26(c)(1). "Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary." <u>Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1210 (9th Cir. 2002). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." <u>Id.</u> (citing <u>Beckman Indus., Inc. v. International Ins. Co.</u>, 966 F.2d 470, 476 (9th Cir. 1992)). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." <u>Id.</u> (citation omitted).

#### i. Fraudulent Transfers to Additional Defendants

As previously discussed, the Court has permitted the Bank to assert counterclaims concerning fraudulent transfers made to Jim, Frank and WN3. Plaintiffs' objections in that regard therefore no longer apply. Dkt. #48 at 4.

#### ii. Subpoenas Duces Tecum

The subpoena duces tecum to JP Morgan requests documents pertaining to "[a]ccount statements, canceled checks, deposit memos and account agreements for any bank accounts owned by Ginger Atherton or Henry W. Dean for the period of January 1, 2015 to the present." Ex. A, Dkt. #36-1 at 7. The subpoena duces tecum to HTP requests a range of documents

pertaining to HTP and Dean and Atherton's stock, equity or ownership in it. Ex. B, Dkt. #36-2 at 7–8. "Within the Ninth Circuit there remains doubt as to whether a party has standing to quash a subpoena to a third party on any basis." <u>Silcox v. AN/PF Acquisitions Corp.</u>, No. C17-1131 RSM, 2018 WL 1532779, at *2 (W.D. Wash. Mar. 29, 2018) (citing <u>In re Rhodes Cos., LLC</u>, 475 B.R. 733, 738–40 (D. Nev. 2012)). However, this Court has held that "a party has standing to move to quash a subpoena issued to a non-party only to the extent the subpoena seeks documents over which the party has a 'personal right or privilege.'" <u>Coalview Centralia, LLC v. Transalta Centralia Mining LLC</u>, No. 3:18-CV-05639-RBL, 2019 WL 2563851, at *2 (W.D. Wash. Mar. 21, 2019) (quoting <u>Eric v. Van Cleave</u>, No. C16-1278RSM, 2017 WL 553276, at *6 (W.D. Wash. Feb. 10, 2017)). Plaintiffs argue that the subpoenas should be quashed because they seek private and confidential financial information. Dkt. #35 at 7. They do not state that the documents are privileged or otherwise protected. <u>Bodyguard Prods., Inc. v. Doe 1</u>, No. C17-1648 RSM, 2018 WL 2387841, at *2 (W.D. Wash. May 25, 2018). The documents are relevant to the action. Fed. R. Civ. P. 26(b)(1); <u>see</u> Dkt. #43 at 4. The Court declines to quash the subpoenas duces tecum.

### iii.    Tax Returns

RFPs 5–6 request copies of plaintiffs' federal tax returns and federal tax receipts from 2014 to 2018. Dkt. #28-1 at 18. "[T]ax returns are not absolutely privileged." <u>Trotsky v. Travelers Indem. Co.</u>, No. C11-2144-JCC, 2013 WL 12116153, at *5 (W.D. Wash. May 8, 2013) (citing <u>Heathman v. District Court</u>, 503 F.2d 1032, 1035 (9th Cir. 1974)). "However, the Ninth Circuit recognizes 'a public policy against unnecessary public disclosure of tax returns that arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns.'" <u>Id.</u> (quoting <u>Premium Serv. Corp. v. Sperry & Hutchinson Co.</u>, 511 F.2d 225, 229 (9th Cir. 1975)) (alterations omitted). The Court may therefore order the production of tax returns only if they are relevant and "there is a compelling need for them because the information sought is not otherwise available." <u>Id.</u> (quoting <u>Alioti v. Vessel SENORA</u>, 217 F.R.D. 496, 497–98 (N.D. Cal. 2003)). The Bank has brought counterclaims

alleging that Dean made fraudulent transfers to BGH, Atherton, Jim, Frank and WN3. Countercl. at ¶¶ 53–77. The tax returns are relevant and there is a compelling need for them. Trotsky, 2013 WL 12116153 at *5; see Applied Hydrogel Tech., Inc. v. Raymedica, Inc., No. 06-CV-2254-DMS-POR, 2008 WL 11340012, at *1 (S.D. Cal. Jan. 25, 2008). They should, however, remain confidential. Trotsky, 2013 WL 12116153 at *5.

### iv.    Confidential Material

The Court notes that the Bank has already agreed that any information "marked as CONFIDENTIAL by Plaintiffs shall not be directly or indirectly disclosed or communicated to Mark J. Calvert or any business entity he is affiliated with, including but not limited to Karma Power, LLC, or Cascade Capital Group, LLC, until further Order of this Court." Dkt. #48-1 at 2. However, the parties have failed in their proposed orders to define what constitutes "confidential" material. See Dkt. #44; Dkt. #48-1.

There is a strong presumption of access to judicial records. The principle of disclosure is 'at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nevada, 798 F.2d 1289, 1294 (9th Cir. 1986)). The parties are free to agree on a protective order themselves, but in the absence of a narrower definition for "confidential" material, the Court cannot enter one. The parties may resubmit a proposed order if they remedy this deficiency.

### B. Motion to Compel

The Court has "broad discretion to manage discovery." Avila v. Willits Envtl. Remediation Tr., 633 F.3d 828, 833 (9th Cir. 2011). In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Brown v. Warner, No. C09-1546RSM, 2015 WL

630926, at *1 (W.D. Wash. Feb. 12, 2015) (quoting <u>Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc.</u>, 175 F.R.D. 646, 650 (C.D. Cal. 1997)).

Plaintiffs state that they do not object to discovery requests regarding transfers or alleged transfers from Dean to Atherton and BGH. Dkt. #37 at 7. As previously discussed, the Court has already permitted the Bank to assert counterclaims concerning fraudulent transfers to Jim, Frank and WN3. Plaintiffs' objections in that regard therefore no longer apply. Dkt. #48 at 4. Finally, while the Court has declined to enter a protective order, it notes again that the Bank has agreed not to disclose confidential material to Mark Calvert or any entities with which he is affiliated. Dkt. #48-1 at 2; <u>see</u> Dkt. #50 at 5. Plaintiffs have not met their burden to show why discovery should not be allowed. <u>Brown</u>, 2015 WL 630926 at *1. To the extent that they have not already done so, plaintiffs must respond to the Bank's discovery requests.

## C. Sanctions

"The imposition of discovery sanctions is within the discretion of the trial court". <u>Putz v. Golden</u>, No. C10-0741JLR, 2012 WL 13019220, at *5 (W.D. Wash. May 22, 2012). The Court declines to impose sanctions on this occasion, but the parties are strongly advised to attempt to resolve their disputes in a professional manner without the Court's intervention in the future.

## <u>CONCLUSION</u>

For all the foregoing reasons, the Bank's motion to compel, Dkt. #28, is GRANTED. Plaintiffs' motion for protective order, Dkt. #35, is DENIED.

DATED this 28th day of August, 2019.

<u>MMr S Casnik</u>
Robert S. Lasnik
United States District Judge

ORDER ON PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
AND DEFENDANT'S MOTION TO COMPEL - 6