UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BGH HOLDINGS, LLC, a Washington limited liability company; GINGER ATHERTON; HENRY DEAN, and their marital community,<br><br>       Plaintiff,<br><br>v.<br><br>DL EVANS BANK,<br><br>       Defendant,<br><br>v.<br><br>FRANK DEAN, JIM DEAN and WN3, LLC,<br><br>       Additional Parties. | CASE NO. 2:18-cv-01408-RSL<br><br>AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A. General Principles**

1. An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2. The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in

each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

**B.     ESI Disclosures**

Within 30 days after entry of this Order, each party shall disclose:

1.     <u>Custodians.</u> The five custodians most likely to have discoverable ESI in their possession, custody or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

2.     <u>Non-custodial Data Sources.</u> A list of non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3.     <u>Third-Party Data Sources.</u> A list of third-party data sources, if any, likely to contain discoverable ESI (e.g. third-party email and/or mobile device providers, "cloud" storage, etc.) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.     <u>Inaccessible Data.</u> A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B). Section (C)(3)(a)-(h) below sets forth data sources and ESI which are not required to be preserved by the parties. Those data sources and ESI do not need to be included on this list.

**C.     Preservation of ESI**

The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. With respect to preservation of ESI, the parties agree as follows:

1.     Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up

and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody or control.

2. All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under (C)(3) or (D)(1)-(2) below).

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

    a. Deleted, slack, fragmented, or other data only accessible by forensics.

    b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

    d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

    e. Back-up data that are substantially duplicative of data that are more accessible elsewhere.

    f. Server, system or network logs.

    g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

    h. Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

The parties should confer regarding any other categories of ESI that may not need to be preserved, such as text messages and social media data, in light of the General Principles set forth above, and determine whether they can agree that such categories can be added to the non-preservation list.

**D.     Privilege**

The parties should confer regarding the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged.

AGREEMENT RE: DISCOVERY OF ESI - 3
CASE NO. 2:18-cv-01408-RSL

4816-7539-9082V.1 0092238-000002

1. With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

2. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

3. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection, if: (i) such information appears on its face to have been inadvertently produced or (ii) the producing party provides notice within 15 days of discovery by the producing party of the inadvertent production.

4. Privilege Log Based on Metadata. The parties agree that privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure.

E. **ESI Discovery Procedures**

1. <u>On-site inspection of electronic media.</u> Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2. <u>Search methodology.</u> The Court presumes that in the majority of cases, the use of search terms will be reasonably necessary to locate or filter ESI likely to contain discoverable information. The parties shall timely attempt to reach agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search terms or computer- or technology-aided methodology.

In the absence of agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, the following procedures shall apply:

    a.    A producing party shall disclose the search terms or queries, if any, and methodology that it proposes to use to locate ESI likely to contain discoverable information. The parties shall meet and confer to attempt to reach an agreement on the producing party's search terms and/or other methodology.

    b.    If search terms or queries are used to locate ESI likely to contain discoverable information, a requesting party is entitled to no more than 5 additional terms or queries to be used in connection with further electronic searches absent a showing of good cause or agreement of the parties. The 5 additional terms or queries, if any, must be provided by the requesting party within 14 days of receipt of the producing party's production.

    c.    Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. Absent a showing of good cause, each search term or query returning more than 250 megabytes of data is presumed to be overbroad, excluding Microsoft PowerPoint files, image and audio files, and similarly large file types.

    d.    The producing party shall search both non-custodial data sources and ESI maintained by the custodians identified above.

    3.    <u>Format.</u> The parties agree that ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. Acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), and searchable PDF. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database and drawing files, should be produced in native format.

4. *De-duplication.* The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party.

5. *Metadata fields.* If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced: document type; custodian and duplicate custodians; author/from; recipient/to, cc and bcc; title/subject; file name and size; original file path; date and time created, sent, modified and/or received; and hash value.

DATED:   October 18, 2019.

| WESTERN WASHINGTON LAW GROUP, PLLC<br>Attorneys for Plaintiffs and Additional Parties | DAVIS WRIGHT TREMAINE, LLP<br>Attorneys for Defendant DL Evans Bank |
|---|---|
| By */s/ Robert J. Cadranell*<br>    Robert J. Cadranell, II, WSBA #41773<br>    7500 212th St. SW, Suite 207<br>    Edmonds, WA  98026<br>    Telephone: 425.728.7296<br>    Fax: 425.955.5300<br>    Email: robet@westwalaw.com | By */s/ Rhys M .Farren*<br>    Rhys M. Farren, WSBA #19398<br>    929 108th Avenue NE, Suite 1500<br>    Bellevue, WA  98004-5149<br>    Telephone: 425.646.6132<br>    Fax: 425.646.6199<br>    Email: rhysfarren@dwt.com |

**ORDER**

Based on the foregoing, IT IS SO ORDERED.

DATED:  Oct. 30, 2019

_____
The Honorable Robert S. Lasnik
UNITED STATES DISTRICT JUDGE

///

///

AGREEMENT RE: DISCOVERY OF ESI - 6
CASE NO. 2:18-cv-01408-RSL

4816-7539-9082V.1 0092238-000002

1  Presented by:

2
   WESTERN WASHINGTON LAW GROUP, PLLC
3  Attorneys for Plaintiffs and Additional Parties

4
   By /s/ *Robert J. Cadranell*
5      Robert J. Cadranell, II, WSBA #41773
       7500 212th St. SW, Suite 207
6      Edmonds, WA  98026
       Telephone: 425.728.7296
7      Fax: 425.955.5300
8      Email: robet@westwalaw.com

9
   DAVIS WRIGHT TREMAINE, LLP
10 Attorneys for Defendant DL Evans Bank

11
   By /s/ *Rhys M .Farren*
12     Rhys M. Farren, WSBA #19398
       929 108th Avenue NE, Suite 1500
13     Bellevue, WA  98004-5149
       Telephone: 425.646.6132
14     Fax: 425.646.6199
15     Email: rhysfarren@dwt.com

16

17

18

19

20

21

22

23

24

25

26

AGREEMENT RE: DISCOVERY OF ESI - 7
CASE NO. 2:18-cv-01408-RSL

4816-7539-9082V.1 0092238-000002