UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BGH HOLDINGS, et al.,

    Plaintiffs,

v.

DL EVANS BANK,

    Defendant.

Case No. 18-CV-1408-RSL

ORDER TO SHOW CAUSE

This matter comes before the Court on defendant's "Motion for Partial Summary Judgment" (Dkt. #31), and plaintiffs' cross-motion for partial summary judgment (Dkt. #33). Upon review of the parties' cross-motions, the Court is not persuaded that it has subject matter jurisdiction over the majority of plaintiffs' complaint. For the reasons described below, plaintiffs are ORDERED to show cause why their complaint should not be dismissed for lack of subject matter jurisdiction.

I. **BACKGROUND**

On January 13, 2010, defendant DL Evans Bank obtained a default judgment against plaintiff Henry Dean in a Blaine County, Idaho court in the amount of $1,063,503.16. See Dkt. #32-1 (Ex. A). On October 4, 2010, defendant domesticated the Idaho judgment in King County Superior Court of Washington. See Id. (Ex. B). Defendant renewed and extended the Idaho judgment in the Blaine County District Court on January 5, 2015. Id. (Ex. C). It then renewed and extended the foreign Idaho judgment in King County Superior Court on January 23, 2015. Id. (Ex. D). On August 2, 2018, defendant sought and obtained a writ of execution in the King

ORDER TO SHOW CAUSE - 1

County Superior Court. Dkt. #5-1 (Ex. A). In August 2018, the King County Sheriff levied upon the writ of execution, allegedly entering plaintiffs' residence to seize personal property including certain stock shares and stock options, as well as personal, business, and legal records. Dkt. #4 (Compl.) at ¶ 2.6. Plaintiffs subsequently filed this federal lawsuit against defendant, bringing claims under 42 U.S.C. § 1983 ("Section 1983") for violations of their Fourth Amendment and Fourteenth Amendment rights (id. at ¶¶ 4.1-5.15), for conversion (id. at ¶¶ 6.1-6.2), for unjust enrichment (id. at ¶¶ 7.1-7.2), and for declaratory and injunctive relief regarding the right of execution under the Idaho Default Judgment (id. at ¶¶ 8.1-8.2). Defendant raised counterclaims against plaintiffs for declaratory judgment regarding the existence and validity of the debt (Dkt. #18 (Countercls.) at ¶¶ 30-44), declaratory judgment regarding enforcement of the judgment in Washington (id. at ¶¶ 45-52), fraudulent transfers (id. at ¶¶ 53-77), and injunctive relief to prevent further fraudulent transfers (id. at ¶¶ 78-82).

On May 23, 2019, the parties filed cross-motions for partial summary judgment. See Dkt. #31, 33. The central issue presented in the parties' cross-motions is whether King County Superior Court validly issued the 2018 writ of execution.[1]

## II. DISCUSSION

This Court has an ongoing duty to establish subject matter jurisdiction. See, e.g., Qin Zhang v. Google, Inc., 609 F. App'x 459, 460 (9th Cir. 2015) (citing Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc., 336 F.3d 982, 985 (9th Cir. 2003)). On this basis, the Court raises the applicability of the *Rooker-Feldman* doctrine *sua sponte*, despite the parties' failure to do so.

---

[1] While the Court does not yet reach the merits of the parties' cross-motions for summary judgment, the main components of the parties' arguments are as follows. Defendant argues that Washington state law governs the enforcement of the judgment and that, under Washington law, it is entitled to the writ of execution in issue. See, e.g., Dkt. #31 at 11-19; Dkt. #67 at 10-15. Although defendant maintains that Washington law applies, it argues that the writ of execution is valid under both Washington and Idaho law. Dkt. #31 at 19-28; Dkt. #67 at 15-20. Plaintiffs argue that the writ of execution is invalid under both Washington and Idaho law, but focus their argument on why Idaho law should apply and should render the writ of execution invalid. See, e.g., Dkt. #33 at 5-13; Dkt. #68.

ORDER TO SHOW CAUSE - 2

### a. *Rooker-Feldman* Doctrine

Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction over cases that constitute a de facto appeal from a state court decision. See Noel v. Hall, 341 F.3d 1148, 1155 (9th Cir. 2003). The principle that federal courts other than the United States Supreme Court lack jurisdiction to hear appeals from state courts was set forth in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). In D.C. Court of Appeals v. Feldman, the Supreme Court explained that "[i]f the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application [for relief], then the District Court is in essence being called upon to review the state court decision . . . . [which] the District Court may not do." 460 U.S. 462, 483 n.16 (1983). "Essentially, the *Rooker-Feldman* doctrine bars 'state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced' from asking district courts to review and reject those judgments." Henrichs v. Valley View Dev., 474 F.3d 609, 613 (9th Cir. 2007) (quoting Exxon Mobil Corp. v. Saudi Basics Indus. Corp., 544 U.S. 280, 284 (2005)).

In cross-moving for summary judgment, the parties have in essence asked the Court to review the validity of the King County Superior Court's issuance of a writ of execution on a domesticated foreign judgment. Such an inquiry falls squarely within the prohibition of the *Rooker-Feldman* doctrine. Upon review, the Court views the gravamen of plaintiffs' complaint as a challenge to the King County Superior Court's issuance of a writ of execution on a state law judgment. See generally Dkt. #4. "Under the Rooker-Feldman doctrine, this Court is precluded from reviewing that judgment and its execution." Busch v. Torres, 905 F. Supp. 766, 771 (C.D. Cal. 1995). The Court addresses each of plaintiffs' causes of action in turn.

### b. Plaintiffs' Claims

#### i. *Fourth Amendment (First Cause of Action)*

Plaintiffs' bring their first claim against defendant under Section 1983 for violation of their Fourth Amendment rights. Dkt. #4 at ¶¶ 4.1-4.24. Plaintiffs broadly allege that defendant "acted under color of state law" to "cause[]" the King County Superior Court to issue the 2018

ORDER TO SHOW CAUSE - 3

writ of execution and to "cause[]" the King County Sheriff to unlawfully search plaintiffs' home and seize their personal property. Id. at ¶ 4.5. Although plaintiffs' Section 1983 allegations are not particularly clear, their complaint can be liberally construed to state claims for Fourth Amendment violations based on (1) the issuance of the writ of execution, see, e.g., id. at ¶ 4.14 ("The Writ of Execution was not the product of any substantive impartial judicial review . . . ."), and (2) defendant's conduct in enforcing the writ of possession, see, e.g., id. at ¶ 4.10 ("[Defendant], through its agent Mr. Green, showed up at [p]laintiffs' home, with two armed deputies . . . [which] plainly involved the threat of use of legal force.").

Pursuant to the *Rooker-Feldman* doctrine, the Court lacks subject matter jurisdiction over plaintiffs' Section 1983 claim for violation of their Fourth Amendment rights insofar as the claim contests the validity of the King County Superior Court's issuance of the 2018 writ of execution. See, e.g., Noel, 341 F.3d at 1164 ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court."). This constitutional claim is "inextricably intertwined" with the Washington state court's decision in a judicial proceeding, and would impermissibly require the Court to review and set aside the state court's decision. See Feldman, 460 U.S. at 483 n.16; see also Busch, 905 F. Supp. at 771 (citations omitted) ("[I]f a suit seeking damages for the execution of a judicial order is just a way to contest the order itself, then the *Rooker-Feldman* doctrine is in play.").[2] To the extent that plaintiffs' Section 1983 claim under the Fourth Amendment pertains to defendant's alleged conduct during the entrance and search of plaintiffs' residence, "that claim does not run afoul of the *Rooker-Feldman* doctrine." See Busch, 905 F. Supp. at 772. Plaintiffs therefore may retain their first cause of action only as it pertains to defendant's alleged conduct in enforcing the writ of execution. Plaintiffs are ORDERED to show cause why the remainder

---

[2] Although the *Rooker-Feldman* doctrine is not applicable to constitutional challenges that do not require review of a state court's decision, that is not the case here. See, e.g., Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1029 (9th Cir. 2001). This Court is "in essence being called upon to review" the King County Superior Court's issuance of the writ of execution. Feldman, 460 U.S. at 482 n.16.

ORDER TO SHOW CAUSE - 4

of their Section 1983 claim under the Fourth Amendment should not be dismissed with prejudice.³

ii. *Fourteenth Amendment (Second Cause of Action)*

Plaintiffs also broadly allege violations to their Fourteenth Amendment due process rights under 42 U.S.C. § 1983. Dkt. #4 at ¶¶ 5.1-5.15. On one hand, plaintiffs' complaint implies that the King County Superior Court improperly extended the expiration date of the Idaho Judgment when it issued the writ of execution. See, e.g., id. at ¶ 5.10. On the other hand, plaintiffs imply that Washington's entire process for issuing writs of execution is unconstitutional. See Dkt. #4 at ¶¶ 5.1-5.15 ("[Defendant's] deprivation of [p]laintiffs' personal property and liberty, without due process, was made possible by Washington state law regime (including RCW 6.17) which allows for writs of execution on personal property to be issued on domesticated judgments without any review as to whether the domesticated judgment had expired as to personal property.").

"[T]he Rooker-Feldman doctrine is not limited to claims that were actually decided by the state courts, but rather it precludes review of all 'state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.'" Bianchi v. Rylaarsdam, 334 F.3d 895, 901 (9th Cir. 2003) (quoting Feldman, 460 U.S. at 486). "[I]f claims raised in the federal court action are 'inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction." Id. at 898 (citing Feldman, 460 U.S. at 483 n.16, 485). "Litigants who believe that a state judicial proceeding has violated their constitutional rights must appeal that decision through their state courts and then seek review in the United States Supreme Court." Hofelich, 2014 WL 2115221, at *2; see also Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th

---

³ See, e.g., Hofelich v. Lacy, No. 14-00037 DKW-RLP, 2014 WL 2115221, at *2 (D. Haw. May 21, 2014) ("[A] district court does not abuse its discretion in denying leave to amend where amendment would be futile.") (internal quotation marks omitted) (quoting Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002)).

ORDER TO SHOW CAUSE - 5

Cir. 1986). This rule is grounded in the notion that "state courts are as competent as federal courts to decide federal constitutional issues." Worldwide Church, 805 F.2d at 891 (citations omitted). "If, in order to resolve the claim, the district court would have to go beyond mere review of the state rule *as promulgated*, to an examination of the rule *as applied* by the state court to the particular factual circumstances of [the plaintiffs'] case, then the court lacks jurisdiction." Id. (internal quotation marks and citation omitted).

On these grounds, plaintiffs' claim under Section 1983 for violation of their Fourteenth Amendment rights appears to be barred by the *Rooker-Feldman* doctrine. Plaintiffs are therefore ORDERED to show cause why their second cause of action should not be dismissed with prejudice for lack of subject matter jurisdiction.

### iii. *Common Law Claims (Third and Fourth Causes of Action)*

Plaintiffs' third and fourth causes of action against defendant allege conversion of plaintiffs' property and unjust enrichment. See Dkt. #4 ¶¶ 6.1-7.2. Their complaint states that defendant is liable for conversion of plaintiffs' property and for unjust enrichment "[a]s a direct and proximate result of [defendant's] actions and/or omissions" as described in the complaint. Id. The Court likely cannot determine the legality of defendant's actions with regard to plaintiffs' property without directly reviewing the legality of the King County Superior Court's issuance of the writ of execution. "It is difficult to imagine what remedy the [Court] could award" plaintiffs on their common law claims "that would not eviscerate the [King County Superior Court's] judgment." Bianchi, 334 F.3d at 902; see also Reusser v. Wachovia Bank, NA, No. 06-112-HA, 2006 WL 2334844, at *4 (D. Or. Aug. 10, 2006) (collecting cases in which common law claims, including conversion, were found to be "inextricably intertwined" with a prior state judgment). Plaintiffs' common law claims stem directly from the King County Superior Court's issuance of the writ of execution. It appears that this Court's adjudication of plaintiffs' third and fourth causes of action would run afoul of the *Rooker-Feldman* doctrine. Plaintiffs are therefore ORDERED to show cause why these claims should not be dismissed with prejudice for lack of jurisdiction.

     iv. *Declaratory Judgment and Injunctive Relief (Fifth Cause of Action)*

Plaintiffs fifth and final cause of action is for declaratory and injunctive relief as to defendant's right of execution on the Idaho default judgment. Specifically, "[p]laintiffs seek declaratory judgment by the Court that the right of execution has long since expired under the Idaho Default Judgment as of January of 2015 and the Bank has improperly seized property belonging to [p]laintiffs in unlawful reliance on the expired judgment." Dkt. #26 at ¶ 8.2. Plaintiffs' fifth cause of action implicitly asks the Court to set aside as improper the King County Superior Court's issuance of the writ of execution. As explained above, the Court lacks jurisdiction to do so under the *Rooker-Feldman* doctrine. Plaintiffs are therefore ORDERED to show cause why their fifth cause of action should not be dismissed with prejudice.

**III. CONCLUSION**

For all the foregoing reasons, plaintiffs are ORDERED to show cause, within twenty-one (21) days of this Order, why their complaint should not be dismissed with prejudice for lack of subject matter jurisdiction.

DATED this 9th day of December, 2019.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge