UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BGH HOLDINGS, LLC, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>DL EVANS BANK,<br><br>　　　　　　Defendant. | Case No. C18-1408-RSL<br><br>ORDER REQUESTING<br>JOINT STATUS REPORT |

　　　　This matter comes before the Court on defendant DL Evans Bank's letter re: request for a status conference (Dkt. # 151). The Court, having reviewed the letter and the remainder of the record, finds as follows:

　　　　From May 2019 to February 2020, the parties filed five motions for summary judgment. See Dkts. # 31, # 33, # 118, # 121, # 127. On January 6, 2020, defendant filed a motion requesting an extension of time to complete discovery. See Dkt. # 111. The Court did not rule on any of these motions. On February 7, 2020, the Court struck all deadlines pending its rulings on plaintiffs' (1) "Response to Order to Show Cause" (Dkt. # 109), and (2) "Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Dkt. # 132). See Dkt. # 135. On September 27, 2021, the Court ruled on these matters and dismissed all of plaintiffs' claims except for their Section 1983 claim under the Fourth Amendment insofar as it pertains to defendant's alleged conduct during the entrance and search of plaintiffs' residence. See Dkt. # 149. The Court, however, did not reset the deadlines regarding the parties' outstanding motions. On October 15, 2021, the Court entered an "Amended Order Setting Trial Date and Related Dates" (Dkt. # 150). This Order presumed that the dispositive motions phase of this case had already concluded. In

ORDER REQUESTING
JOINT STATUS REPORT - 1

light of the foregoing, the Court concludes that it is appropriate to allow each party to file a consolidated motion for summary judgment that accounts for the claims that the Court has already dismissed.[1] The Court further concludes that it is appropriate to reschedule the trial date to provide sufficient time to resolve such motions. In lieu of a status conference, the Court orders as follows:

## I. REPORT

All counsel and any *pro se* parties are directed to confer and provide the Court with a combined updated Joint Status Report (the "Report") by August 12, 2022. This conference shall be by direct and personal communication, whether that be a face-to-face meeting or a telephonic or video conference. The Report will be used in setting a schedule for the prompt completion of the case and the parties are reminded of their obligation to cooperate to secure the just, speedy, and inexpensive resolution of this case. Fed. R. Civ. P. 1. It must contain the following information by corresponding paragraph numbers:

    1.    A statement of the nature and complexity of all remaining issues.

    2.    Whether any additional discovery is necessary and, if so, an agreed proposed discovery plan that indicates:

        A. The subjects on which discovery is needed and whether discovery should be limited to or focused upon particular issues;

        B. What changes, if any, should be made to the limitations on discovery;

        C. A statement of how discovery will be managed so as to minimize expense (*e.g.*, by foregoing or limiting depositions, exchanging documents informally, *etc.*);

---

[1] The Court notes that plaintiffs filed three separate motions for summary judgment, see Dkts. # 33, # 118, # 121, and defendant filed two, see Dkts. # 31, # 126. The parties are reminded that pursuant to the local court rules, each party is entitled to only one consolidated motion for summary judgment. See Local Rules W.D. Wash. LCR 7(e)(3) ("Absent leave of the court, a party must not file contemporaneous dispositive motions, each one directed toward a discrete issue or claim."). The Court declines to grant the parties leave to file contemporaneous dispositive motions.

ORDER REQUESTING
JOINT STATUS REPORT - 2

        D. Any other orders that should be entered by the Court under Fed. R. Civ. P. 26(c) or under W.D. Wash. Local Rule LCR 16(b) and (c); and

        E. The date by which the remainder of the discovery can be completed.

3. Whether the parties agree that a full-time U. S. Magistrate Judge may conduct all remaining proceedings, including trial and the entry of judgment, pursuant to 28 U.S.C. § 636(c) and Local Magistrate Judges' Rule 13.  The Western District of Washington assigns a wide range of cases to Magistrate Judges.  The Magistrate Judges of this district thus have significant experience in all types of civil matters filed in our court.  Additional information about our district's Magistrate Judges can be found at http://www.wawd.uscourts.gov/judges.  The parties should indicate whether they agree that the Honorable Michelle L. Peterson may conduct all remaining proceedings including trial and the entry of judgment.  When responding to this question, the parties should only respond "yes" or "no."  Individual party responses should not be provided.  A "yes" response should be indicated only if all parties consent.  Otherwise, a "no" response should be provided.

4. What alternative dispute resolution procedures have been used and whether the parties believe that additional settlement efforts would be beneficial.

5. Suggestions for the prompt and efficient resolution of the case.

6. The date on which dispositive motions should be due.

7. The date on which motions *in limine* should be due.

8. The month the case will be ready for trial.  Identify any calendaring conflicts that should be considered when setting a trial date.

9. Whether the trial will be jury or non-jury.

10. The number of trial days required.

11. List the dates on which each and every non-governmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and W.D. Wash. Local Rule LCR 7.1.

12. The status of DL Evans Bank v. Valley Club Homes, LLC, *et al.*, District Court of the Fifth Judicial District of the State of Idaho, Blaine County, Case No. CV07-20-00101.

13. The existence of any other related cases pending in this or other jurisdictions and a proposal for how to handle them.

If the parties are unable to agree on any part of the Report, they may answer in separate paragraphs. No separate reports are to be filed. If the parties wish to have a status conference with the Court at any time during the pendency of this action, they should notify Teri Roberts, Judicial Assistant, by telephone at (206) 370-8810.

The time for filing the Report may be extended only by Court order. Any request for extension should be made by telephone to Teri Roberts, Judicial Assistant, at (206) 370-8810.

## II. PLAINTIFFS' RESPONSIBILITY

Plaintiffs' counsel (or plaintiff, if *pro se*) will be responsible for starting the communications needed to comply with this Order.

## III. EARLY SETTLEMENT CONSIDERATION AND NOTIFICATION

If settlement is achieved, counsel shall immediately notify Victoria Ericksen, Deputy Clerk, at (206) 370-8517. The parties are responsible for complying with the terms of this Order. The Court may impose sanctions on any party who fails to comply fully with this Order

DATED this 28th day of July, 2022.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REQUESTING
JOINT STATUS REPORT - 4