UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BGH HOLDINGS LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DL EVANS BANK, <br><br> Defendant. | Case No. C18-1408RSL <br><br> ORDER DENYING PLAINTIFFS' MOTION TO AMEND |

This matter comes before the Court on plaintiffs'[1] "Motion to Add Affirmative Defense to Their Answer to Counterclaim" (Dkt. # 161). Having reviewed the submissions of the parties and the remainder of the record, the Court denies plaintiffs' motion for the reasons stated herein.

**I.     Background**

On January 13, 2010, defendant DL Evans Bank (the "Bank") obtained a default judgment against plaintiff Henry Dean in a Blaine County, Idaho court in the amount of $1,063,503.16 ("Idaho Default Judgment"). *See* Dkt. # 32-1 (Ex. A). On October 4, 2010, the Bank domesticated the Idaho Default Judgment in King County Superior Court of Washington. *See id.* (Ex. B). The Bank renewed and extended the Idaho Default Judgment in the Blaine County District Court on January 5, 2015. *Id.* (Ex. C). The Bank then renewed and extended the foreign Idaho Default Judgment in King County Superior Court on January 23, 2015. *Id.* (Ex.

---

[1] While plaintiffs bring this motion in their capacity as counter defendants and third-party defendants, *see* Dkt. # 161, the Court refers to them as "plaintiffs" in this Order for simplicity's sake.

ORDER DENYING PLAINTIFFS' MOTION TO
AMEND - 1

D). On August 2, 2018, the Bank sought and obtained a writ of execution in the King County Superior Court. Dkt. # 5-1 (Ex. A). In August 2018, the King County Sheriff levied upon the writ of execution, allegedly entering plaintiffs' residence to seize personal property including certain stock shares and stock options, as well as personal, business, and legal records. Dkt. # 4 at ¶ 2.6. Plaintiffs subsequently filed this federal lawsuit against the Bank, bringing claims under 42 U.S.C. § 1983 ("Section 1983") for violations of their Fourth Amendment and Fourteenth Amendment rights (*id.* at ¶¶ 4.1–5.15), for conversion (*id.* at ¶¶ 6.1–6.2), for unjust enrichment (*id.* at ¶¶ 7.1–7.2), and for declaratory and injunctive relief regarding the right of execution under the Idaho Default Judgment (*id.* at ¶¶ 8.–8.2). The Bank raised counterclaims against plaintiffs for declaratory judgment regarding the existence and validity of the debt (Dkt. # 18 at ¶¶ 30–44), declaratory judgment regarding enforcement of the Idaho Default Judgment in Washington (*id.* at ¶¶ 45–52), fraudulent transfers (*id.* at ¶¶ 53-77), and injunctive relief to prevent further fraudulent transfers (*id.* at ¶¶ 78–82).

On May 23, 2019, the parties filed cross-motions for partial summary judgment. *See* Dkts. # 31, 33. Upon review of the parties' cross-motions and the underlying complaint, the Court viewed "the gravamen of plaintiffs' complaint as a challenge to the King County Superior Court's issuance of a writ of execution on a state law judgment," and highlighted that the "Court is precluded from reviewing that judgment and its execution" per the *Rooker-Feldman* doctrine. Dkt. # 107 at 3. The Court addressed each of plaintiffs' causes of action in turn and ordered plaintiffs to show cause why all but one of the causes of action (plaintiffs' Section 1983 claim) should not be dismissed for lack of subject matter jurisdiction. Dkt. # 107.

On December 30, 2019, plaintiffs filed their response to the Court's Order to Show Cause. Dkt. # 109. On February 6, 2020, plaintiffs filed a motion to dismiss the Bank's counterclaims for lack of subject-matter jurisdiction. Dkt. # 132.

On September 27, 2021, the Court entered its Order Regarding Plaintiffs' Response to Order to Show Cause, dismissing plaintiffs' claims under the *Rooker-Feldman* doctrine with the exception of plaintiffs' Section 1983 claim, which the Court allowed to move forward "to the extent it pertains to the Bank's alleged conduct in enforcing the writ of execution during the

ORDER DENYING PLAINTIFFS' MOTION TO
AMEND - 2

entrance and search of plaintiffs' residence." Dkt. #149 at 6. In its Order, the Court also denied plaintiffs' motion to dismiss defendant's counterclaims. *Id.* at 14.

On August 25, 2022, the Court entered an amended scheduling order that did not reopen discovery or extend the deadline for amending pleadings, but did reset the deadline to file dispositive motions. Dkt. #155. On November 23, 2022, the Bank filed its renewed summary judgment motion on plaintiffs' sole remaining claim and the Bank's counterclaims. Dkt. #158. On December 1, 2022, Plaintiffs filed the instant Motion to Add Affirmative Defense to Their Answer to Counterclaim. Dkt. #161.

## II. Plaintiffs Have Failed to Show Good Cause as Required by Rule 16

The deadline for amending pleadings in this case was set by the Court for April 10, 2019, pursuant to a Rule 16 scheduling order. *See* Dkt. #17. The Ninth Circuit has made clear that "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which establishe[s] a timetable for amending pleadings[,] that rule's standards control[]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). Orders entered before the final pretrial conference may be modified upon a showing of "good cause." Fed. R. Civ. P. 16(b). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* "If that party was not diligent, the inquiry should end." *Id.*

The Ninth Circuit emphasized that "[a] scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Id.* at 610 (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). "Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon

ORDER DENYING PLAINTIFFS' MOTION TO
AMEND - 3

course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation and its standards may not be short-circuited by an appeal to those of Rule 15." *Id.*

Here, plaintiffs seek leave to amend more than three years after the deadline imposed by the Court's Rule 16 scheduling order. Accordingly, plaintiffs must demonstrate that "good cause" exists – namely, that they were diligent in seeking this amendment. Given the extensive delay, this is a tough hurdle for plaintiffs to cross and they fail to do so here.

Plaintiffs' primary argument is that their new defenses to defendant's counterclaims rely on a recently published Washington Court of Appeals decision, *Scott v. American Express National Bank*, and that they "acted promptly after published precedent." Dkt. # 170 at 1. Notably, plaintiffs first mention *Scott* in their reply brief.[2] *Compare* Dkt. # 161 *with* Dkt. # 170. The Ninth Circuit has repeatedly stated that arguments should not be raised for the first time in a reply brief. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Turtle Island Restoration Network v. U.S. Dep't of Com.*, 672 F.3d 1160, 1166 n.8 (9th Cir. 2012) (stating "arguments raised for the first time in a reply brief are waived"). As explained by the Ninth Circuit in *Tovar v. United States Postal Service*, it is improper to raise new arguments in a reply brief because the opposing party is deprived of an opportunity to respond. 3 F.3d 1271, 1273 n.3 (9th Cir. 1993).[3]

However, even considering the arguments raised in plaintiffs' reply brief, the Court finds the "good cause" requirement is not met. In *Scott v. American Express National Bank*, 22 Wn. App. 2d 258 (2022), the plaintiff, Scott, was a debtor who had previously been sued by his creditor – American Express. *Id.* at 262. The prior lawsuit initiated by American Express had been dismissed for lack of prosecution, but American Express's attorneys erroneously moved

---

[2] Plaintiffs' original motion argues that leave to amend should be granted under the more lenient standard of Rule 15, which – as discussed above – is not applicable here. Dkt. # 161 at 5-6.

[3] The Court notes that this is not the first instance of plaintiffs raising an argument for the first time in their reply brief. *See* Dkt. # 154 at 9 (stating that "[p]laintiffs have two arguments regarding diversity jurisdiction over the Bank's counterclaims, though these arguments failed to fully materialize until plaintiffs' reply").

ORDER DENYING PLAINTIFFS' MOTION TO
AMEND - 4

for summary judgment after dismissal. *Id.* Scott, who contended that he first learned of the dismissal on the day of the scheduled summary judgment hearing, filed suit against American Express, its law firm, and individual employees of both entities, alleging, *inter alia*, violations of the Washington Consumer Protection Act ("CPA") and intentional infliction of emotional distress. *Id.* at 261-63. The trial court dismissed Scott's suit, finding his claims were barred by the immunity doctrine of "litigation privilege." *Id.* at 261. Litigation privilege provides that "[w]itnesses in judicial proceedings are absolutely immune from tort liability for claims based on their testimony." *Id.* at 265 (quoting *Wynn v. Earin*, 163 Wn. 2d 361, 370 (2008)). It also immunizes parties for statements "pertinent or material to the redress or relief sought." *Id.* at 266 (quoting *McNeal v. Allen*, 95 Wn. 2d 265, 267 (1980)). The purpose of this privilege is to preserve and enhance the judicial process by encouraging full and frank testimony as well as encouraging parties to pursue their rights through the judicial system. *Id.* at 265-66 (citations omitted). The Washington Court of Appeals held that while the immunity doctrine completely shielded the majority of defendants from liability, "litigation privilege does not shield collection agencies from CPA claims if they violate the WCAA" ("Washington Collection Agency Act"). *Id.* at 269.

      Here, plaintiffs frame the *Scott* decision as holding that "litigation privilege no longer bars an unlicensed collection agency's litigation from being a per se Washington Consumer Protection Act violation committed during litigation." Dkt. # 170 at 4. However, plaintiffs fail to demonstrate that this "bar" previously existed. While it is true that *Scott* made clear that WCAA claims were *not* barred by the litigation privilege, the case did not overrule any prior precedent or even mention any prior cases that held otherwise. The Court is not aware of any cases – and plaintiffs have not identified any – that previously held such claims were "barred." Additionally, while plaintiffs cite the issuance of *Scott* as the reason for their delay, they fail to address the fact that only their first, second, and fifth "set off defenses" appear to be related to WCAA claims and would arguably be affected by the *Scott* ruling. Dkt. # 161-1 at 25-31.

      Plaintiffs also appear to argue that the Court's Order Regarding Plaintiffs' Response to Order to Show Cause and Plaintiffs' Motion to Dismiss Defendant's Counterclaims (Dkt. # 149)

ORDER DENYING PLAINTIFFS' MOTION TO
AMEND - 5

provides a basis for their requested amendment. *See* Dkt. # 161 at 1-2 (arguing that the Court's rulings in that Order "clarified the Court's views sufficiently to require amendment"); Dkt. # 170 at 3 (arguing that "this Court stated the Bank's assertion it was the real party in interest to collect the Idaho Judgment after the Assignment but prior to the Re-Assignment was dubious"). As an initial matter, plaintiffs misstate the Court's ruling. In the Order, the Court noted that (1) *plaintiffs* argued that "diversity jurisdiction does not lie because the Amendment to the Assignment Agreement was collusive," Dkt. # 149 at 9; (2) *if* plaintiffs were correct and the Amendment "*was* improper or collusive, the Bank's status as the real party in interest *would be* in jeopardy," *id.* at 11 (emphasis added); and (3) because plaintiffs failed to raise this argument until their reply brief and because the Court concluded that supplemental jurisdiction existed over the counterclaims, it "need not further address the alleged collusive nature of the Amendment," *id.* Any assertion that the Court's Order "clarified" the Court's view on whether the Amendment was possibly collusive is unfounded, as the Court expressly declined to address that issue in the Order. Additionally, the Court notes that this Order was issued on September 27, 2021 – over a year before plaintiffs filed their motion to amend. Thus, even if plaintiffs' arguments concerning the Order had merit, they would still be unable to demonstrate the requisite diligence to establish good cause.

      Finally, the Ninth Circuit has recognized that "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion" in this circumstance. *Johnson*, 975 F.2d at 609 (citations omitted). The current lawsuit is over four years old, and trial is set for June 2023.[4] Plaintiffs seek to add entirely new claims which, by their own admission, will require additional discovery. *See* Dkt. # 154 at 4-5. Significantly, discovery in this case closed on January 5, 2020, and the Court has not reopened it. Dkt. #106; *see* Dkt. #155. The Ninth Circuit has held that "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend

---

[4] Plaintiffs even acknowledge that "amendments near the time of trial may be particularly disruptive and may therefore be subject to special scrutiny." Dkt. # 161 at 6 (citing *Deasy v. Hill*, 833 F.2d 38, 41 (4th Cir. 1987)).

ORDER DENYING PLAINTIFFS' MOTION TO AMEND - 6

the complaint." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000) (quoting *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)). "This prejudice to [defendant], although not required under Rule 16(b), supplies an additional reason for denying the motion." *Id.*

### III.  Conclusion

For all the foregoing reasons, plaintiffs' motion for leave to amend (Dkt. # 161) is DENIED.

IT IS SO ORDERED.

DATED this 27th day of March, 2023.

                                          Robert S. Lasnik
                                          United States District Judge

ORDER DENYING PLAINTIFFS' MOTION TO
AMEND - 7