UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BGH HOLDINGS LLC, *et al.*, <br><br>    Plaintiffs, <br><br> v. <br><br> D.L. EVANS BANK, <br><br>    Defendant, | No. 2:18-cv-1408 RSL <br><br> ORDER GRANTING PLAINITFFS' MOTION TO ABSTAIN FROM EXERCISING JURISDICTION AND DISMISS REMAINING STATE LAW CLAIMS |

This matter comes before the Court on plaintiffs' "Motion to Abstain from Exercising Jurisdiction and Dismiss the Remaining State Law Claims" (Dkt. # 184). Having reviewed the submissions of the parties and the remainder of the record, the Court GRANTS plaintiffs' motion to dismiss for the reasons stated herein.

**I.    Background**

On January 13, 2010, defendant DL Evans Bank (the "Bank") obtained a default judgment against plaintiff Henry Dean in a Blaine County, Idaho court in the amount of $1,063,503.16 ("Idaho Default Judgment"). *See* Dkt. # 32-1 (Ex. A). On October 4, 2010, the Bank domesticated the Idaho Default Judgment in King County Superior Court of Washington. *See id.* (Ex. B). The Bank renewed and extended the Idaho Default Judgment in the Blaine County District Court on January 5, 2015. *Id.* (Ex. C). The Bank then renewed and extended the foreign Idaho Default Judgment in King County Superior Court on January 23, 2015. *Id.* (Ex.

ORDER GRANTING PLAINTIFFS' MOTION TO
ABSTAIN FROM EXERCISING JURSIDICTION- 1

D). On August 2, 2018, the Bank sought and obtained a writ of execution in the King County Superior Court. Dkt. # 5-1 (Ex. A). In August 2018, the King County Sheriff levied upon the writ of execution, allegedly entering plaintiffs' residence to seize personal property including certain stock shares and stock options, as well as personal, business, and legal records. Dkt. # 4 at ¶ 2.6. Plaintiffs subsequently filed this federal lawsuit against the Bank, bringing claims under 42 U.S.C. § 1983 for violations of their Fourth Amendment and Fourteenth Amendment rights (*id*. at ¶¶ 4.1–5.15), for conversion (*id*. at ¶¶ 6.1–6.2), for unjust enrichment (*id*. at ¶¶ 7.1–7.2), and for declaratory and injunctive relief regarding the right of execution under the Idaho Default Judgment (*id*. at ¶¶ 8.1–8.2). The Bank raised counterclaims against plaintiffs for declaratory judgment regarding the existence and validity of the debt (Dkt. # 18 at ¶¶ 30–44), declaratory judgment regarding enforcement of the Idaho Default Judgment in Washington (*id*. at ¶¶ 45–52), fraudulent transfers (*id*. at ¶¶ 53-77), and injunctive relief to prevent further fraudulent transfers (*id*. at ¶¶ 78–82).

On May 23, 2019, the parties filed cross-motions for partial summary judgment. *See* Dkts. # 31, 33. Upon review of the parties' cross-motions and the underlying complaint, the Court viewed "the gravamen of plaintiffs' complaint as a challenge to the King County Superior Court's issuance of a writ of execution on a state law judgment," and highlighted that the "Court is precluded from reviewing that judgment and its execution" per the *Rooker-Feldman* doctrine. Dkt. # 107 at 3. The Court addressed each of plaintiffs' causes of action in turn and ordered plaintiffs to show cause why all but one of the causes of action (plaintiffs' § 1983 claim) should not be dismissed for lack of subject matter jurisdiction. Dkt. # 107. On December 30, 2019, plaintiffs filed their response to the Court's Order to Show Cause. Dkt. # 109. On February 6, 2020, plaintiffs filed a motion to dismiss the Bank's counterclaims for lack of subject matter jurisdiction. Dkt. # 132. On September 27, 2021, the Court entered its Order Regarding Plaintiffs' Response to Order to Show Cause, dismissing all of plaintiffs' claims under the *Rooker-Feldman* doctrine with the exception of plaintiffs' § 1983 claim. Dkt. # 149 at 6. The Court also denied plaintiffs' motion to dismiss the Bank's counterclaims. *Id*. at 14. On

ORDER GRANTING PLAINTIFFS' MOTION TO
ABSTAIN FROM EXERCISING JURSIDICTION- 2

November 23, 2022, the Bank filed a renewed summary judgment motion on plaintiffs' sole remaining claim (the § 1983 claim) and the Bank's fraudulent transfer counterclaims. Dkt. # 158. On May 3, 2023, the Court granted in part and denied in part the Bank's renewed summary judgment motion, dismissing plaintiffs' sole remaining claim, and setting trial for December 4, 2023 on the Bank's fraudulent counterclaims. *See* Dkts. # 176, 181.

On October 19, 2023, plaintiffs filed the instant motion (Dkt. # 184), asking this Court to abstain from exercising supplemental jurisdiction over the remaining state law claims and dismiss defendant's fraudulent transfer counterclaims for lack of subject matter jurisdiction. *See* Dkt. #132, # 174.

## II.    Supplemental Jurisdiction

Section 1367(c)(3) permits a district court to decline supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (J. O'Scannlain, dissenting) ("Our judicial branch should be particularly sensitive to the impacts of its decisions on state legal systems. While federal courts may be obliged to speak on questions of state law in certain circumstances, we should always be mindful that, absent a strong justification, state law claims belong in state courts . . . State courts are the proper fora for those claims, and the federal courts should stay out of the fray unless there is a reason for them to jump in—that is, unless 'values of judicial economy, convenience, fairness, and comity' would be served thereby.") (quotation omitted).

In other words, once district courts dismiss the claims that invoked original basis of subject matter jurisdiction, and all that remains before the federal court are state law claims, courts often presume that dismissal is appropriate unless the specific facts establish that it would

ORDER GRANTING PLAINTIFFS' MOTION TO
ABSTAIN FROM EXERCISING JURSIDICTION- 3

be more fair, convenient, and efficient to retain jurisdiction. *See e.g.*, *Parra v. PacifiCare of Arizona, Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013) ("[O]nce the district court, at an early stage of the litigation, dismissed the only claim over which it had original jurisdiction, it did not abuse its discretion in also dismissing the remaining state claims."); *Acri*, 114 F.3d at 1001 (J. O'Scannlain, dissenting) ("The Supreme Court has instructed that the exercise of supplemental jurisdiction should be rare when all federal claims have been dismissed before trial.") (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726–27 (1966)); *Exec. Software N. Am., Inc. v. U.S. Dist. Ct. for Cent. Dist. of California*, 24 F.3d 1545, 1552 (9th Cir. 1994), *overruled on other grounds by California Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

In the rare case where principles of fairness, judicial economy, and comity favored retaining jurisdiction, one or more of the following factors existed: (1) substantial judicial resources have already been committed so that sending the case to another court will cause a substantial duplication of effort; (2) it is absolutely clear how the supplemental claims can be decided; or (3) the statute of limitations has run on the supplemental claim, precluding the filing of the separate suit in the state court. *See e.g.*, *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244 (7th Cir. 1994); *see also O'Connor v. Commonwealth Gas Co.*, 251 F.3d 262 (1st Cir. 2001). However, there are no "bright line" rules, and "[t]he decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion." *Foster v. Wilson*, 504 F.3d 1046, 1051 (9th Cir. 2007); *see also Rancho Mirage Mobilehome Cmty., LP v. Coachella Valley Water Dist.*, No. 22-55212, 2023 WL 7123771, at *2 (9th Cir. Oct. 30, 2023) ("there is no bright-line rule requiring a federal court to retain jurisdiction over state-law claims after all federal claims have been dismissed merely because a federal case has been pending for a certain time.").

ORDER GRANTING PLAINTIFFS' MOTION TO
ABSTAIN FROM EXERCISING JURSIDICTION- 4

This is not the "rare" case where retaining jurisdiction is supported by principles of fairness, judicial economy, and comity. With regard to the fraudulent transfers, the Court has not expended significant judicial resources so that sending the case to state court will cause a substantial duplication of effort. Although this case has been pending since 2018 and the parties engaged in quite extensive motions practice (*See* Dkts. # 27, # 31, # 33, # 132, # 158), the Court has not made substantive rulings on the fraudulent transfer claims. Only two of this Court's rulings relate to the fraudulent transfers. The first order retained jurisdiction over the fraudulent transfer counterclaims, and the Court found that the state law counterclaims "shar[ed] a common nucleus of operative fact" with the federal claims. Dkt. # 149 at 12–14. The second order denied summary judgment on the fraudulent transfer claims, finding that genuine issues of material fact exist as to each of the fraudulent transfers. *See* Dkt. # 176 at 14–22. Should the parties refile their claims in state court, there should not be significant duplication of efforts.

More so, the resolution of the state claims is not "absolutely clear." *See* Dkt. # 176 at 14–22. The claims involve numerous transfers over several years to various parties, and their resolution depends on the outcome of several sub-issues, including the value of consideration received by plaintiff, whether plaintiffs were in a "meritorious relationship," whether plaintiff "received 'a reasonable equivalent value in exchange for the transfer,'" among others. *See* Dkts. # 154, # 158, # 176. The issues may become more complicated due to the "dissolution of WN3 in 2016 and the death of third-party defendant James Dean" while litigation was ongoing. Dkt. # 154 at 3.

In light of the above considerations, judicial economy, convenience, fairness, and comity point toward declining to exercise jurisdiction over the remaining state law claims. Should the parties decide to re-file in state court, the statute of limitations is tolled during the pendency of the case in federal court and for at least 30 days beyond. 28 U.S.C. § 1367(d).

//

//

ORDER GRANTING PLAINTIFFS' MOTION TO
ABSTAIN FROM EXERCISING JURSIDICTION- 5

### III. Conclusion

For the foregoing reasons, the Court finds that state courts are best suited to address questions of state law. Accordingly, defendant's remaining state law claims are DISMISSED without prejudice.

IT IS SO ORDERED.

DATED this 19th day of March 2024.

Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFFS' MOTION TO
ABSTAIN FROM EXERCISING JURSIDICTION- 6